**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE BUSTAMANTE,<br><br>           Plaintiff,<br><br>    v.<br><br>DAVIS, et al.,<br><br>           Defendants. | CASE NO. 1:08-cv-01791 GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

Plaintiff Rene Bustamante ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 21, 2008. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Pelican Bay State Prison. The incidents alleged in the complaint occurred at Kern Valley State Prison. Plaintiff alleges an Eighth Amendment claim against Correctional Officer ("CO") Davis, CO Fountain, CO J. Alcantar, CO Medina, CO J. Rocha, R. Moody, Michael, Jane Doe, Sergeant Marsh, and the State of California. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to file an amended complaint within thirty days.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
4      A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.
8  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient
9  factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at
10 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal
11 conclusions are not. Id. at 1949.

12 **II.    Plaintiff's Claims**
13     **A.    Summary of Complaint**
14     Plaintiff alleges that on January 18, 2008, he was placed in administrative segregation
15 ("ASU").  While Plaintiff was being held in the holding cage prior to being placed in ASU,
16 Defendant Fountain gave him a pair of size 12 shoes.  Plaintiff told Defendant Fountain that his
17 correct shoe size is 6 and that size 12 is too big for his feet.  Defendant Fountain replied that small
18 size shoes were not available and that size 12 would have to do for now.  Plaintiff alleges that it was
19 very difficult to walk in size 12 shoes, and that he had difficulty walking to the visiting room once
20 a week, located a quarter of a mile away.  Plaintiff requested shoes in his proper size to Defendant
21 Medina, Rocha, and Davis, and they acknowledged his request but did not provide him with the
22 correct shoe size.
23     On February 11, Defendant Alcantar issued Plaintiff a pair of size 10 shoes.  On February
24 22, Plaintiff alleges that he fell while climbing to his upper level bunk because of his improperly
25 fitting shoes.  Plaintiff alleges that his injuries consisted of: a sprained left ankle, a quarter size
26 abrasion on his left foot, three inch laceration on the right ankle, swelling of both ankles, partial
27 numbness in his left ankle and foot for about 10 days, and bruises.
28 ///

Defendants Marsh and Jane Doe examined Plaintiff from behind the cell door and told Plaintiff that he would receive some band-aids. Defendants Marsh and Doe did not document his injuries.

Plaintiff alleges that he suffered pain and discomfort when he walked to the visiting room on February 23 because he was denied a wheelchair. Later that day, Plaintiff was provided a pair of size 7 shoes by Defendant Michael. Defendant Michael also documented Plaintiff's injuries on a medical request form and issued him some band-aids. Plaintiff alleges that Defendant Michael should have documented his injuries on a different medical form, form 7219. Plaintiff also asked Defendant Michael for medical attention, but Defendant Michael told him that he would be seen by a registered nurse on Monday morning.

On Monday morning, Plaintiff was examined by Defendant Moody and she gave Plaintiff some ointment and band-aids which did not cover Plaintiff's wounds on his feet. Plaintiff alleges that Defendant Moody failed to give him any pain medication or treatment for his injuries.

Between February 22 and August 13, Plaintiff did not have adequate pain medication or proper medical treatment, causing him to suffer pain throughout his entire body.

Plaintiff alleges that Defendants Marsh, Jane Doe, Michael and Moody's failure to provide him with adequate medical are was a constitutional violation. Plaintiff also alleges that Defendants Fountain, Alcantar, Medina, Rocha, and Davis' failure to provide him with his proper sized shoes was denial of a basic necessity.

On April 21, Plaintiff was interviewed by Defendant Moody regarding his inmate appeal. At the end of the interview, Defendant provided Plaintiff with size 6 shoes.

**B.   Eighth Amendment**

   **1.   Conditions of Confinement: Defendants Fountain, Alcantar, Medina, Rocha, and Davis**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). "An Eighth Amendment claim

1  that a prison official has deprived inmates of humane conditions must meet two requirements, one
2  objective and one subjective. Under the objective requirement, the prison official's acts or omissions
3  must deprive an inmate of the minimal civilized measure of life's necessities. The subjective
4  requirement, relating to the defendant's state of mind, requires deliberate indifference." Lopez v.
5  Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.
6  1995)).

7       The circumstances, nature, and duration of the deprivations are critical in determining whether
8  the conditions complained of are grave enough to form the basis of a viable Eighth Amendment
9  claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). The denial of adequate clothing may,
10 under certain circumstances, may also rise to the level of an Eighth Amendment violation. Walker
11 v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994). In order to plead deliberate indifference, a prisoner
12 must allege that prison officials knew of and disregarded a substantial risk of serious harm to the
13 prisoner. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128
14 (9th Cir. 1998).

15      Plaintiff alleges that Defendants Fountain, Alcantar, Medina, Rocha, and Davis' failure to
16 provide him with his proper sized shoes was denial of a basic necessity. Being given a pair of too
17 large of shoes for a couple of months cannot reasonably be termed an extreme deprivation rising to
18 the level of a constitutional violation. Even assuming that not having correct sized shoes was an
19 extreme deprivation, depriving Plaintiff of minimal civilized measure of life's necessities, Plaintiff
20 fails to show that Defendants Fountain, Alcantar, Medina, Rocha, and Davis officials knew of and
21 disregarded a substantial risk of serious harm to Plaintiff. Accordingly, Plaintiff fails to state a claim
22 for the denial of proper sized shoes.

23      **2.**   **Medical Care: Defendants Marsh, Jane Doe, Michael and Moody**

24      Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner
25 must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to
26 serious medical needs." Estelle v. Gamble, 429 U.S. at 106. Such a claim has two elements: "the
27 seriousness of the prisoner's medical need and the nature of the defendant's response to that need."
28 McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure

4

to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Furthermore, a difference of opinion between medical personnel and a plaintiff regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that Defendants Marsh and Jane Doe examined him from behind his cell door, told him that he would receive some band-aids, and did not document his injuries. Plaintiff also

5

alleges that Defendant Michael issued him a pair of size 7 shoes a day after Plaintiff fell, documented Plaintiff's injuries on the wrong medical form, told Plaintiff that he would be seen by a nurse in a couple of days and refused emergency medical care. Plaintiff alleges that Defendant Moody only gave him ointments and band-aids and failed to give him any pain medication or other medical attention for his injuries, which consisted of sprained left ankle, a quarter size abrasion on his left foot, three inch laceration on the right ankle, swelling of both ankles, partial numbness in his left ankle and foot for about 10 days, and bruises. Even assuming that Plaintiff's injuries from falling constituted a serious medical need, Plaintiff fails to demonstrate that Defendants Marsh, Doe, Michael, and Moody exhibited deliberate indifference towards his medical need. They examined him and gave him medical attention, even though they did not offer him pain medication, emergency medical examination, or a wheel chair that Plaintiff sought. A difference of opinion regarding medical treatment between medical personnel and Plaintiff does not amount to deliberate indifference. Id. Accordingly, Plaintiff fails to state a cognizable claim against Defendants Marsh, Doe, Michael, and Moody.

### C. State Law Claims

Plaintiff alleges state law claims. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Since it is unclear at this point whether Plaintiff states a cognizable claim under section 1983, the Court need not evaluate Plaintiff's state law claims.

///

### D. Eleventh Amendment Immunity

Plaintiff also names the State of California as a defendant. Plaintiff may not sustain an action against a state. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Couer d'Alene Tribe of Idaho, 521 U.S. 261, 237-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997).

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint

///

7

which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint; and
5. If Plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for failure to state a claim.

**IT IS SO ORDERED.**

Dated:   **September 28, 2009**          /s/ **Gary S. Austin**
                                      **UNITED STATES MAGISTRATE JUDGE**